FILED
SUPERIOR COURT
OF GUAM

2019 MAY 28 PM 3 15

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SALOMAE G. NAUTA,<br><br>PLAINTIFF,<br><br>vs.<br><br>DERICK D. SABALBORO,<br><br>DEFENDANT. | CHILD SUPPORT CASE NO: CS0174-16<br><br>DECISION AND ORDER RE:<br>PLAINTIFF'S OBJECTION TO THE<br>CHILD SUPPORT REFEREE'S<br>SUSPENSION OF DEFENDANT'S<br>CHILD SUPPORT OBLIGATION |

## Introduction

This matter came before the Honorable Maria T. Cenzon on May 15, 2019 for a hearing on Salomae G. Nauta's ("Plaintiff") Objection to the Child Support Referee's Suspension of Defendant's Child Support Obligation. However, no parties appeared at the May 15, 2019 hearing before this Court. The Child Support Enforcement Division ("CSED") of the Attorney General's Office represents Plaintiff and Defendant appears *pro se*. The Court now issues this Decision and Order after reviewing the relevant law and the record and hereby VACATES the Administrative Hearing Officer ("AHO") Recommended Findings and Order issued on April 4, 2019.

## Background

This action commenced on July 2016 wherein the maternal great-grandmother of minor J.M.N. (DOB: 06/18/2014) sought a child support order against Derick D. Sabalboro ("Defendant"). Defendant and Jalene Marie Nauta ("Nauta") are the biological parents of J.M.N. At a hearing held on August 18, 2016, Defendant admitted paternity and a judgment of $146.59 was ordered against Defendant (imputing Defendant with a minimum wage full-time job). *See*

Findings and Order (Aug. 25, 2016). The AHO held several hearings between December 22, 2016 and August 24, 2018. During that two-year period the child support award was reduced from $146.59 to $50 per month and then subsequently increased from $50 back to $146.59 per month. As of July 2, 2018, Defendant was obligated to pay Plaintiff $146.59 per month for the support of J.M.N. *See* Findings and Order (Jul. 2, 2018).

Defendant failed to appear for a hearing scheduled for July 5, 2018 and the AHO issued a bench warrant. *See* Order for Bench Warrant (Jul. 12, 2018). On January 14, 2019, the Defendant was arrested and brought before the Magistrate Judge. In lieu of bail payment, Defendant was released after paying $200 towards his child support obligation. Subsequently on February 1, 2019, CSED filed a complaint for child support against Nauta in CS0036-19.

On March 21, 2019, the AHO held a joint hearing for CS0036-19 and the instant case. Nauta informed the AHO she had been living with the Defendant and that they were expecting their third child together. Defendant and Nauta expressed their intent to terminate Plaintiff's guardianship over J.M.N. but that they lacked the financial resources to do so. Defendant and Nauta further reported that they were attempting to reunite their family of five and requested Plaintiff to "voluntarily relinquish" custody of J.M.N., but Plaintiff refused. During this hearing, the AHO determined it was improper to hold Defendant accountable for child support obligations until CSED produces guardianship documents. The AHO also requested CSED provide a legal basis for extracting child support from two biological parents over the age of 21 and CSED responded there might be a question of fitness. The AHO recognized that Defendant and Nauta relinquished custody of J.M.N. to Plaintiff when they were both under the age of 18; however, both parents are now at least 21 years old and raising two children. The AHO orally suspended the existing obligation for CS0174-16 (pending the receipt of guardianship papers from CSED) and the AHO declined to order an obligation against Nauta in CS0036-19.

The AHO issued its Recommended Findings and Order on April 4, 2019 memorializing its oral rulings from the March 21, 2019 hearing. However, Plaintiff, by and through CSED,

lodged its Objection to the Child Support Suspension of Defendant's Child Support Obligation on March 29, 2019. Accordingly, the AHO filed a Request for Review of Court on April 8, 2019.

**Discussion**

### a. Standard of Review

The legislature created the position of family court referee for the purpose of expediting the process of determining child support. *Lamb v. Hoffman*, 2008 Guam 2, ¶ 41 (citing 19 GCA § 5502 (2005)). Guam law recognizes that the principal purpose of the division is to provide "a speedy and efficient legal process in child support cases." *Id.* The Supreme Court of Guam adopted the pragmatic approach and requires only that [this Court] make a "good faith effort to supervise the referee and correct any obvious errors" while relying on the "competency and experience of [the referee]." *Id.* ¶ 41-42. The pragmatic approach conveys a wide discretion to trial courts. Further, the approach allows trial courts to simply accept the referee's conclusions with minimal comment if the trial court is sufficiently confident in the findings of the referee. *Id.* ¶ 42. The *Lamb* Court cautioned, however, that "no supervision at all is also contrary to the intent of [Section 5503]." *Id.* (recognizing referees are "under the authority of the Superior Court").

### b. Suspension of Child Support Award

Guam law provides that "any order directing payment of money for support or maintenance of the spouse or the minor child or children shall not be suspended nor the execution of the order stayed pending an appeal." 5 GCA § 34121. Guam law further provides that the Court may "modify any order, award, stipulation or agreement as to child support … upon a showing of substantial and material change of circumstances." *Id.* The burden to establish a substantial and material change of circumstances is on the moving party.[1] "It is error to change

---

[1] *Lanser v. Lanser*, 2003 Guam 14 n.3 (citing *In re Marriage of Stephenson*, 46 Cal.Rptr.2d 8, 12 (Cal.Ct.App.1995)).

the amount of support where there is no evidence submitted to show a change in circumstances."[2]

The Court sees an obvious error in the AHO's suspension of Defendant's child support obligation. Guam law clearly limits the suspension of a child support order. *See* 5 GCA § 34121. As it would be for any other case, it would be improper to suspend child support obligations unless a proper decision on custody is made. Mere recitation of a parent's intent to regain custody of their child is insufficient and should not warrant the suspension or termination of a child support order. In custody cases, the court assigned to the custody matter must determine child custody based on the best interests of the child. *Lanser v. Lanser*, 2003 Guam 14 ¶ 16. Therefore, absent a court order from the court presiding over the parties' custody case, the AHO was incorrect in suspending the child support obligation.

This Court recognizes that the law permits the AHO to modify such child support orders upon a showing of "substantial and material change of circumstances." *See Id.* The Court finds, however, that the Defendant did not specifically move to modify the child support award nor was a motion to modify ever filed or granted.

### c. Suspension was improper

Guam law sets forth that actions for child support may be sought against the person responsible for the support of a child to recover amounts due under an existing court order whether owed to the custodial parent or "other person having custody of the minor child." 5 GCA § 34105(a)(1).

The AHO incorrectly determined that Defendant and Nauta's mere expression of their intent to regain custody of J.M.N. was sufficient to suspend the existing support order. The AHO determined that under 19 GCA § 4106, "the father and mother of a legitimate unmarried minor child are equally entitled to its custody." The AHO also determined that there is no allegation that the parent-child relationship has been terminated pursuant to law, specifically citing 19 GCA

---

[2] *Id.* (quoting *Thurston v. Pinkstaff*, 730 S.W.2d 239, 241 (Ark.1987); see also *Dorfman v. Dorfman*, 719 A.2d 178, 180 (N.J.Super.App.Div.1998)).

§ 4301 et seq. The AHO further cites to 19 GCA § 9108(c) and opined that the law prefers awarding custody to the parents and appointing the parent as guardians of their child.

Indeed the law gives a preference to the parents of a minor child in awarding custody of a minor or appointing a general guardian. 19 GCA § 9108(c). However, this general rule is preceded by the primary consideration of "by what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare." 19 GCA § 9108(a). Therefore, notwithstanding Guam law's preference, the primary determining factor in appointing a guardian or awarding custody is the best interest of the child. Further, a guardian may be removed as provided by law in 19 GCA §§ 9113 and 9114. None of the situations provided in Section 9114 exists in this case, therefore, it was improper for the AHO to suspend the custody order pending receipt of the guardianship papers.

It is also correct that a termination of parent-child relationship pursuant to Guam law was not initiated against Defendant and Nauta. However, Guam's child support laws do not require a termination of parental rights in order to award child support. The law does require that the person seeking support has "custody" of the minor and that a legal basis of the duty of support exists. 5 GCA § 34105(a)(1); 34106(a)-(b). Defendant has conceded paternity and that Plaintiff has "custody" of J.M.N. With this concession, the issue of whether Plaintiff is the legal guardian was therefore not factually at issue.[3] Therefore, Defendant's obligation to pay child support shall remain until an action for child support cannot be sustained or until Plaintiff no longer has "custody" of the minor child. *See* 5 GCA § 34105(a)(1).

The Court finds that the Defendant's rights/priority for custody was not properly before the AHO. That issue is for the Court presiding over the guardianship case to decide. This Court finds that the issue of guardianship/custody cannot be prematurely decided by *any* Court unless a motion to terminate the guardianship/custody is commenced.

//

---

[3] *Cf.* to 5 GCA § 34106 requiring a party applying for child support services provide background information including the legal basis of the duty of support to the Attorney General when obtaining an initial order of support.

## Conclusion

For these reasons, the Court hereby VACATES the April 4, 2019 Recommended Findings and Order Suspending Defendant's Child Support Obligation.

SO ORDERED this __MAY 2 8 2019__ .

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the courtbox of:
_____

Date: _____ Time: _____

Deputy Clerk, Superior Court of Guam